## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RORY MARKEL FOSTER,**
**aka Rory Marcel Foster,**

   **Plaintiff,**

    **v.**           **CASE NO.  23-3090-JWL**

**JEFF ZMUDA, et al.,**

   **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

   Plaintiff Rory Markel Foster is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

   Plaintiff proceeds pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983.   Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  Plaintiff's claims relate to an Immigration and Customs Enforcement ("ICE") detainer lodged with the Kansas Department of Corrections ("KDOC").  Plaintiff alleges that ICE sent the KDOC four detainers to release the Plaintiff and three other inmates from the El Dorado Correctional Facility.  (Doc. 1, at 2.)  Plaintiff alleges that the KDOC discriminated against Plaintiff by releasing the other three inmates into ICE-DRO custody, but failing to release Plaintiff within 48 hours.  *Id.*  Plaintiff alleges that the four detainers are identical, except for the names and countries involved.  *Id.*   The other three inmates were being removed to South America, and Plaintiff's eventual removal will be to Jamaica.

   Plaintiff alleges that he is being illegally detained in violation of K.S.A. § 22-4301.  *Id.* at

3.  He also alleges the denial of a speedy trial, and violations of due process and equal protection. *Id*.  Plaintiff names as defendants:  Jeff Zmuda, Secretary of Corrections; Gloria Geither, LCF Interim Warden; and ICE Detention and Removal Operations, Wichita, Kansas Sub Office. Plaintiff seeks compensatory damages for his "illegal detention," and for each defendant to be fined.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

### 1. Illegal Detention

Plaintiff alleges that he was not released within 48 hours as required by the detainer.

The detainer provides that:  "Federal regulations (8 CFR 287.7) require that you detain the alien

for a period not to exceed 48 hours (excluding Saturdays, Sunday's [sic] and Federal holidays) to

provide adequate time for DHS to assume custody of the alien."  (Doc. 1–1, at 1.)    The

regulation referenced provides in relevant part that:

> (a) Detainers in general. Detainers are issued pursuant to sections
> 236 and 287 of the Act and this chapter 1. Any authorized
> immigration officer may at any time issue a Form I–247,
> Immigration Detainer–Notice of Action, to any other Federal,
> State, or local law enforcement agency. A detainer serves to advise
> another law enforcement agency that the Department seeks custody
> of an alien presently in the custody of that agency, for the purpose
> of arresting and removing the alien. The detainer is a request that
> such agency advise the Department, ***prior to release of the alien***,
> in order for the Department to arrange to assume custody, in
> situations when gaining immediate physical custody is either
> impracticable or impossible.
>
> * * * *
>
> (d) Temporary detention at Department request. Upon a
> determination by the Department to issue a detainer for an alien
> not otherwise detained by a criminal justice agency, such agency
> shall maintain custody of the alien for a period not to exceed 48
> hours, excluding Saturdays, Sundays, and holidays in order to
> permit assumption of custody by the Department.

8 C.F.R. § 287.7(a) and (d) (emphasis added).  Plaintiff has failed to show that he is being

illegally detained due to the 48-hour reference in the detainer.  Plaintiff has not shown that he has

been released from KDOC custody or that the 48-hour period has otherwise began to run.

Plaintiff has not shown that he is entitled to any current relief based on the detainer. Plaintiff is currently in KDOC custody serving his state criminal sentence.[1]  The Immigration Detainer states that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States."  (Doc. 1–1, at 1.)  Plaintiff has also filed a petition under 28 U.S.C. § 2241 seeking to initiate the "final order of removal" on his "past due" detainer and to assign the U.S. Marshals to transport him to the ICE-DRO.  *See Foster v. Geither*, Case No. 23-3089-JWL (D. Kan., filed March 30, 2023).  The Court has issued an Order to Show Cause in that case, directing Plaintiff to show good cause why his petition should not be dismissed because he failed to show that he is "in custody" pursuant to the detainer for purposes of § 2241.  *Id*. at Doc. 5.

The Court found in the Order to Show Cause that Plaintiff is not in custody pursuant to the ICE detainer, because "[t]he mere lodging of a detainer by an ICE agent does not constitute custody where no formal deportation proceedings have been commenced and no final deportation order has issued, since the detainer may be only a request that KDOC authorities notify ICE prior to [an] inmate's release."  *Ikunin v. United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013).  The Court noted that his Petition suggests that he is in custody serving his state criminal sentence, rather than due to immigration detention or a removal order.

### 2. Violation of the Interstate Agreement on Detainers

In addition, as stated in the Court's Order to Show Cause in his habeas case, Plaintiff is not entitled to relief under K.S.A. § 22-4401 because the Interstate Agreement on Detainers

---

[1]  Petitioner attaches a March 21, 2023 response to his grievance submitted at LCF which informs Petitioner that he "will go into ICE custody if you/when [sic] release from KDOC."  (Doc. 1–1, at 3.)  The Kansas Adult Supervised Population Electronic Repository ("KASPER") shows Petitioner's current status as "Incarcerated" with no earliest possible release date noted.  *See* https://kdocrepository.doc.ks.gov/kasper/search/detail?kdocNumber=92016 (last visited April 4, 2023).

("IAD") does not apply to ICE civil detainers.[2] *Quintero v. Immigration & Customs Enforcement*, Civil Action No. GLR–12–1877, 2012 WL 4518083, at *1 (D. Md. Sept. 27, 2012) (denying request to compel ICE to adjudicate immigration status and stating that "[t]he concept of prosecutorial discretion as applied to immigration enforcement activity such as a decision to place a particular alien in removal proceedings has specifically been reaffirmed by the Supreme Court") (citations omitted). "Immigration deportation proceedings are not criminal proceedings[,]" but rather "are civil in nature and are not conducted by a court of the United States." *Angeles v. INS*, No. 3:10–cv–00640–HDM–RAM, 2010 WL 4791747, at *1 (D. Nev. Nov. 18, 2010) (citing *Argiz v. United States Immigration*, 704 F.2d 384, 387 (7th Cir. 1983)). "Therefore, an immigration charge cannot be classified as an 'untried indictment, information, or complaint' within the meaning of the [Interstate] Agreement [on Detainers]." *Id*. (finding that the Interstate Agreement on Detainers did not apply to immigration detainers and stating that the court does not have authority to grant relief because only the Attorney General of the United States has the authority to remove an alien); *see also Deutsch v. United States*, 943 F. Supp. 276, 279 (W.D. N.Y. 1996) (finding no right to a speedy deportation hearing and that the provisions of the Speedy Trial Act and the Interstate Agreement on Detainers do not apply); *Moreno*

---

[2]  The Interstate Agreement on Detainers Act is codified at K.S.A. §§ 22-4401, et seq., and "allows inmates imprisoned in other states or in federal prisons to request the disposition of charges pending against them in Kansas." *State v. Ordway*, 468 P.3d 346 (Table), 2020 WL 4555803, at *3 (Kan. Ct. App. Aug. 7, 2020).  Under the agreement, the contracting states agree that:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

K.S.A. § 22-4401, Art. III, sub. (a).  "State" is defined as "a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico." *Id*. at Art. II, sub. (a).  The United States entered into the Interstate Agreement on Detainers on its own behalf and on behalf of the District of Columbia. *See* 18 U.S.C. App. 2 § 2.

*Escobar v. U.S. Dep't of Justice*, No. MISC 05–0048, 2005 WL 1060635, at *1 (E.D. Pa. May 5, 2005) (immigration detainer is neither an indictment nor information nor a complaint and IAD does not apply).

### 3. Discrimination

Plaintiff alleges discrimination because three other inmates were released into ICE-DRO custody. To allege an equal protection violation, a plaintiff must state facts indicating that defendants treated him differently than other similarly situated individuals. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff does not allege that he was treated differently on the basis of class membership. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011).

Plaintiff has not alleged that the other three inmates were convicted of the same offenses; that his sentence was completed on the exact same date as the other inmates; or that they were otherwise similarly situated in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted). Plaintiff should show good cause why his discrimination claim should not be dismissed.

### 4. Frivolous/Malicious

Plaintiff is also cautioned that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F.

App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574

(10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234

F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially

mirrors" a prior complaint that was dismissed).

      In entering an Order to Show Cause in Plaintiff's current habeas action, the Court noted

that his current Petition under § 2241 is not his first attempt to seek relief in this Court regarding

his immigration detainer.   In *Foster v. ICE*, Case No. 10-3148-SAC (D. Kan.), the Court held

that:

> [T]he decision whether to deport an alien prior to completion of the alien's prison term is a matter solely within the discretion of the United States Attorney General. See 8 U.S.C. § 1231(a). "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).
>
> Although "the Attorney General shall provide for the initiation and, to the extent possible, the completion of removal proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony[,] . . . [n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228[](a)(3)(A) and (B). And significantly, "notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).
>
> Petitioner cites 8 U.S.C. § 1228 which provides for the expedited removal of aliens convicted of committing aggravated felonies, and 8 U.S.C. § 1229(a) which addresses the initiation of removal proceedings, however neither statute confers jurisdiction in this matter.

*Foster v. ICE*, Case No. 10-3148-SAC, Doc. 2, at 2–4 (D. Kan. Dec. 6, 2010); *see also Foster v. DHS*, Case No. 11-3163-SAC, Doc. 4, at 3 (D. Kan. Oct. 25, 2011) (denying mandamus relief and finding that the timing of deportation rests within the discretion of the United States Attorney General while petitioner is serving his state sentence, and that the Court lacks jurisdiction under 8 U.S.C. § 1252(g)); *Foster v. Kansas*, Case No. 11-3176-SAC, Doc. 3 (D. Kan. Oct. 25, 2011) (same).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 1, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 4, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**